IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GAURAV SATAM, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| NORTHEASTERN UNIVERSITY, | ) ) ) |
| Defendant. | ) ) ) |

Case No.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

On behalf of himself and all others similarly situated, Plaintiff Gaurav Satam ("Plaintiff"), by and through his attorneys, respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is a class action brought on behalf of Plaintiff and other similarly situated individuals who paid tuition and/or fees to Northeastern University ("Defendant", "NU" or the "University")for the academic term encompassing March 2020 and thereafter and who (i) did not receive their bargained-for educational and other services and (ii) have not been refunded a prorated portion of their tuition and fees after the University ceased providing such services to students during the Spring 2020 academic semester due to Coronavirus Disease 2019 ("COVID-19").

2. Specifically, as a result of Defendant's wrongful acts and unfair business practices alleged herein, Plaintiff and the proposed Class (i) have not received any refund or reimbursement for the unused services for which they paid tuition or fees and/or (ii) did not receive any refund or reimbursement for the decreased value of the education they received from Northeastern when their classes transitioned from in-person instruction at the University's campus facilities to an entirely remote, online learning format.

3. NU is a private university system consisting of six campuses, with the primary

campus in Boston.  The six campuses that are part of the NU system are: Boston, Charlotte, North Carolina, Seattle, Washington, San Jose, California, Toronto, Vancouver and Portland, Maine.

4. In 2019, NU enrolled more than 25,000 undergraduate and graduate students.

5. NU has an endowment of over $1 billion.

6. The estimated undergraduate tuition at NU is over $52,000, not including over $1000 in mandatory fees.[1]  The Masters' program in which Plaintiff was enrolled had similar tuition and fees.[2]

7. In response to COVID-19, on or around March 12, 2020, NU cancelled all in-person classes.  Even before that date, NU had suspended access to on-campus resources, including gyms and libraries.

8. NU has not provided any in-person classes since March 12, 2020.  Since then, NU has offered less valuable online classes instead of the bargained-for in-person instruction. Consequently, since March 14, 2020, Defendant has not provided the education, services, facilities, technology, access or opportunities for which Plaintiff and the Class paid. Moreover, Defendant has failed to compensate Plaintiff and the Class for the diminished value and damages they have suffered as a result of Defendant's actions.

9. NU also has received over ***$11 million*** in government funding through the Coronavirus Aid, Relief, and Economic Security Act (CARES) Act, half of which is federally mandated to go toward students who are in need of emergency financial assistance.

10. Despite receiving this influx of federal funds, Defendant refuses to refund or reimburse Plaintiff and similarly-situated NU students the fees they paid for the education and other services they are not being provided, including fees for libraries and gyms they can no longer access.

11. Defendant also refuses to refund or reimburse Plaintiff and similarly situated

---

[1] https://www.northeastern.edu/admissions/cost/ (site last visited May 11, 2020)
[2] https://www.northeastern.edu/graduate/program/master-of-science-in-engineering-management-boston-5273/ (site last visited May 11, 2020)

students for tuition paid for classes that NU is currently providing to them that are substantially less valuable than the classes promised.

12. Plaintiff and other Class members have lost the benefits of the education, services, and other experiences that the University promised. Despite failing to fulfill their obligations, Defendant is currently unlawfully retaining and refusing to fully or partially refund Plaintiff's Spring 2020 term tuition and fees despite the dramatically lower quality and less valuable education now being provided, and despite the complete cessation of many of the services for which Plaintiff was charged a specific fee.

13. Essentially, students have paid Defendant for access to buildings they can no longer enter and activities that are not available. NU is thus profiting from COVID-19 while further burdening students and their families, many of whom have borne the brunt of the pandemic, themselves been laid off, or who are ill or suffering from financial setbacks. The result is an enormous windfall to Defendant. Both contract and equity demand that Defendant disgorge these funds.

14. Plaintiff and similarly situated NU students seek disgorgement of their payments for unused services and to refund their tuition for substandard classes. Plaintiff brings this class action for injunctive, declaratory, and equitable relief, and any other available remedies, resulting from Defendant's illegal, inequitable, and unfair retention of the funds paid by Plaintiff and the other students in the proposed Class.

15. Specifically, this lawsuit seeks disgorgement and monetary damages in the amount of prorated, unused amounts of tuition and fees that Plaintiff and the other Class members paid, which benefits will not be provided by Defendant, including the difference in value between the live in-person classes for which Spring 2020 term students enrolled and for which they paid at the start of the Spring 2020 and subsequent terms, compared to the lesser online versions of classes NU has been providing to them since mid-March 2020.

## PARTIES

16. Plaintiff Gaurav Satam is an adult individual residing in Massachusetts. Plaintiff is a citizen of India. Plaintiff recently concluded coursework for a Masters' degree in engineering management from Northeastern University.

17. Defendant Northeastern University is a private university with its principal place of business in Boston, Massachusetts.

## JURISDICTION AND VENUE

18. This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000, exclusive of interests and costs, and because at least one member of the Class defined below is a citizen of a state other than Massachusetts.

19. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this judicial district.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this District and are residents of the state in which the District is located.

## STATEMENT OF FACTS

### A. The COVID-19 Pandemic

21. In late 2019, the Chinese government confirmed several cases of a novel illness causing pneumonia-like symptoms. The illness was subsequently identified as COVID-19. By January 2020, the U.S. government confirmed several domestic cases.

22. COVID-19 spread rapidly throughout the world in the beginning months of 2020. Millions have now been infected. The World Health Organization characterized COVID-19 as a "public health emergency of international concern" in late January and as a pandemic on March 11.

23. Because the virus that causes COVID-19 is highly infectious, and because the illness can be severe or fatal, federal, state, and local governments in the United States have implemented travel restrictions and shelter-in-place or stay-at-home orders. As of the filing of this Complaint, the vast majority of states have ordered their citizens to shelter in place for protection of their personal health and safety and that of the broader public.

### B. NU Continues to Assess Fees Amidst the Pandemic

24. Despite the fact that Defendant transitioned its classes online and required students to shelter in place, Defendant continued to assess and collect fees for services that Plaintiff and similarly situated students could not access or use.

25. Despite Defendant's large endowment and receipt of $11 million of aid through the CARES Act, NU has decided to pass the financial burden imposed by the COVID-19 crisis onto students like Plaintiff.

26. Plaintiff paid a variety of fees for the Spring term, many of which were for services Plaintiff can no longer use. For example, Plaintiff paid recreation fees, which financed a gym he could not access, library fees for libraries which were closed, and a fee to use campus printers that he could not use to print.

27. Plaintiff has not attended any in-person classes since March 12, 2020. Instead, all classes in which he was enrolled have moved online and are of inferior quality to the live instruction for which he paid and expected to receive.

28. Plaintiff has neither received nor been offered any refund or reimbursement for thetuition or fees that he paid for in-person, on campus education during the Spring 2020 term at NU.

29. As a result of the closure of NU, Defendant has not delivered the educational services, facilities, programs, and opportunities for which Plaintiff and students in the proposed Class contracted and paid. Plaintiff and the proposed Class are therefore entitled to a full refund of that portion of the fees and tuition for the latter half of the Spring 2020 semester that pertain to

educational services Defendant did not provide, or which Defendant provided in a severely diminished manner.

30. The remote, online learning "classes" offered to Spring 2020 students since March deprive students of in-person learning from their peers and school faculty. The move to these remote classes also deprives students of access to the facilities, materials, and opportunities only offered on NU's physical (as opposed to virtual) campus.

31. The online classes Plaintiff and his peers have been provided are not equivalent to the in-person, campus experience that Plaintiff and other NU students chose for their university education. The tuition and fees NU charged were predicated on access to and constant interaction with and feedback from peers, mentors, professors and guest lecturers; access to technology, libraries, and laboratories; spectator sports and athletic programs; student government and health services; and extracurricular groups and learning, among other things.

32. Universities and colleges that offer both in person and online education generally charge less for online classes than they do for in person classes.

33. In instances where online degree programs are similarly priced to in-person degree alternatives from the same academic institution, the online offering includes a variety of additional goods and services, such as in-person internship and practicum opportunities, additional asynchronous instruction (i.e. instruction not offered through a live video channel), and small class sizes to ensure the quality of the online synchronous classes.

34. NU offered none of the additional supports or services that traditionally accompany classes that are intended to be conducted online from inception. Class sizes remained the same, and no additional practical or in person services were offered. Indeed, even professors' "office hours" were transformed into a chat room format, more resembling email than an actual human interaction.

35. Through this lawsuit, Plaintiff seeks—for himself and the other Class members—a refund of a percentage of his tuition and fees.

## **CLASS ACTION ALLEGATIONS**

36. Plaintiff incorporates by reference all preceding paragraphs as alleged above.

37. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3), and/or (c)(4), Plaintiff brings this action on behalf of himself and the following Class:

> All persons in the United States who paid Northeastern University tuition and/or fees for in person education for the academic term including March 2020 or for any academic term thereafter during which Northeastern failed to provide in person educational services.

The following persons and entities are excluded from the Class: Defendant and its officers, directors, employees, subsidiaries, and affiliates; all judges assigned to this case and any members of their immediate families; and the parties' counsel in this litigation. Plaintiff reserves the right to modify, change, or expand the class definition, including by proposing additional subclasses, based upon discovery and further investigation.

38. A class action is a superior means to ensure the fair and efficient adjudication of this case. The damages suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of the claims described herein against Defendant. Moreover, individualized actions would run the risk of creating inconsistent or contradictory judgments arising from the same set of facts and would increase the likely delay and expense to all parties involved and the Court itself. By contrast, by proceeding as a class action, the claims at issue can be adjudicated efficiently through economies of scale.

39. **Numerosity.** In accordance with Fed. R. Civ. P. 23(a)(1), the members the proposed Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Although the precise number of Class members is unknown presently to Plaintiff, the Class is presumed to number more than 25,000 people and is easily ascertainable through enrollment and financial records maintained by Defendant.

40. **Commonality and Predominance.** In accordance with Fed. R. Civ. P 23(a)(1) and (b)(3), this action involves questions of law and fact common to the Class that predominate

over any individual questions specific to any Class member. These include:

    a.    whether Defendant accepted money from the Class;

    b.    whether Defendant retained money from the Class for services they did not render, or only partially rendered;

    c.    whether Defendant entered into a contract with the Class;

    d.    whether Defendant breached their contract with the Class;

    e.    whether Defendant's failure to refund tuition and fees was appropriate;

    f.    whether Defendant benefited from the money they accepted from the Class;

    g.    whether the educational and other services Defendant provided to the Class were commensurate with their price;

    h.    whether certification of the Class is appropriate under Fed. R. Civ. P. 23;

    i.    whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

    j.    the amount and nature of relief to be awarded to Plaintiff and the other Class members.

41.    **Typicality.**  Pursuant to Fed. R. Civ. P. 23(a)(3), Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members each paid for certain costs associated with NU's Spring 2020 term but were not provided the services that those costs were meant to cover. Each suffered damages in the form of their lost tuition, fees, and other monies paid to Defendant, and the claims all arise from the same NU practices and course of conduct. There are no defenses available that are unique to the Plaintiff.

42.    **Adequacy of Representation.**  In accordance with Fed. R. Civ. P 23(a)(4), Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other proposed Class members. Moreover, Plaintiff has retained counsel competent and experienced in complex class action litigation, and he intends to prosecute this action vigorously on behalf of his fellow Class members. Plaintiff has no interests that are antagonistic to those of the Class and he will fairly and adequately protect the proposed Class' rights along with counsel.

## COUNT I

### Breach of Contract

43.     Plaintiff repeats and re-alleges the allegations in the preceding paragraphs as if fully alleged herein.

44.     Plaintiff brings this claim individually and on behalf of the other members of the Class.

45.     Plaintiff and the other members of the Class entered into binding contracts with the Defendant which provided that Plaintiff and the other members of the Class would pay tuition and fees in exchange for on-campus in-person educational, social, athletic, and other experiences.

46.     As part of their contracts with NU, and, in exchange for adequate consideration that Plaintiff and members of the proposed Class provided, Defendant promised to on-campus in-person educational, social, athletic, and other experiences.

47.     Defendant failed to provide the services that it was obligated to provide under its contracts with Plaintiff and the proposed Class. Defendant has retained tuition and fee payments paid by Plaintiff and the other members of the Class for the Spring 2020 term without providing them the promised benefits, instead providing those benefits for only a portion of the Spring term.

48.     By contrast, Plaintiff and the other members of the Class fulfilled their end of the bargain when they paid the monies due and owing for their full tuition, and fees for the semester.

49.     The tuition and fees plan payments that Plaintiff and the proposed Class paid were intended to cover in-person educational and extra-curricular services from January through May 2020. Defendant, however, failed to provide the services due under the contracts for that entire time period, yet have improperly retained the funds Plaintiff and the proposed Class paid for their Spring 2020 tuition and fees plans without providing them the services and other benefits due under the contracts.

50.     Plaintiff and members of the Class have suffered damages as a direct and proximate result of Defendant' breach, including being deprived of the education, experience and services that they were promised and expected to obtain, and for which they have paid. They are entitled

to damages including but not limited to prorated reimbursement of the tuition, fees and other expenses that were collected by Defendant for services that Defendant failed to deliver fully.

51. Defendant' performance under the contracts is not excused because of COVID-19. Even if performance was excused or impossible, NU would nevertheless be required to return the funds received for services and/or goods that it did not provide.

## COUNT II

### Restitution Based On Quasi-Contract

52. Plaintiff repeats and re-alleges the allegations in the preceding paragraphs as if fully alleged herein.

53. Plaintiff brings this claim individually and on behalf of the other members of the Class in the alternative to the breach of contract claim brought in Count I.

54. Plaintiff and other members of the proposed Class conferred a benefit or enrichment on NU by paying tuition and required fees NU which were beneficial to NU, at the expense of Plaintiff and the other members of the Class.

55. Plaintiff and the other members of the Class paid tuition and required fees and did not receive the full benefit of their bargain from NU, thus resulting in their impoverishment.

56. NU has retained the benefit paid by Plaintiff and the Class despite its failure to provide the services for which the benefit was paid.

57. There is no justification or cause for NU's failure to return the portion of the tuition and fees that NU has unjustifiably kept for itself even though it failed to complete the services for which Plaintiff provided the funds to NU.

58. Accordingly, NU has been unjustly enriched and should pay as restitution a prorated portion of the funds for the Spring 2020 semester that Plaintiff and the proposed Class paid for tuition and fees.

## **COUNT III**

### **Conversion**

59. Plaintiff repeats and re-alleges the allegations in the preceding paragraphs as if fully alleged herein.

60. Plaintiff brings this claim individually and on behalf of the Class.

61. Plaintiff and the other members of the Class have a right to the in-person educational and extra-curricular services that they were supposed to be provided in exchange for their payments to NU.

62. Defendant intentionally interfered with the rights of Plaintiff and the other members of the proposed Class when they retained fees intended to pay for on-campus classes, facilities, and activities, while moving all classes to an online, remote learning format and discontinued services and access to facilities for which Plaintiff and the members of the proposed Class had paid.

63. Defendant deprived the Plaintiff and the other members of the Class of their fees or of the right to the services for which their fees were intended to be used.

64. Class members demanded the return of the prorated, unused fees for the remainder of the Spring 2020 term.

65. Defendant's retention of the fees paid by Plaintiff and the other members of the Class without providing the services for which they paid deprived Plaintiff and the other members of the Class of the benefits for which the fees were paid.  This interference with the services for which Plaintiff and the other members of the Class paid damaged Plaintiff and the other members of the Class in that they paid fees for services that were not and will not be provided.

66. Plaintiff and the other members of the Class are entitled to the return of prorated unused portion of the fees paid, through the end of the semester

## PRAYER FOR RELIEF

67. Plaintiffs, on behalf of themselves and on behalf of the members of the Class, respectfully requests that the Court enter judgment in their favor and against Defendant as follows:

    a. Certifying the Class as requested herein, designating Plaintiff as Class representative, and appointing the undersigned counsel as Class Counsel;

    b. Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

    c. Declaring that Defendant wrongfully kept the monies paid by the Class;

    d. Awarding injunctive relief and restitution as permitted by law or equity;

    e. Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

    f. Awarding pre- and post-judgment interest on any amounts awarded; and

    g. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

68. Plaintiff demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all causes of action so triable.

Dated: May 13, 2020                                   LICHTEN & LISS-RIORDAN, P.C.


                                                      By: */s/ Harold Lichten*
                                                      Harold L. Lichten (BBO #549689)
                                                      LICHTEN & LISS-RIORDAN, P.C.
                                                      729 Boylston St, Suite 2000
                                                      Boston, MA 02116
                                                      (617) 994-5800
                                                      hlichten@llrlaw.com


                                                      Shanon J. Carson*
                                                      Patrick F. Madden*
                                                      BERGER MONTAGUE PC
                                                      1818 Market Street, Suite 3600
                                                      Philadelphia, PA 19103
                                                      Tel: (215) 875-3000
                                                      Email: scarson@bm.net
                                                      Email: pmadden@bm.net

                                                      E. Michelle Drake*
                                                      BERGER MONTAGUE PC
                                                      43 SE Main Street, Suite 505
                                                      Minneapolis, MN 5514
                                                      Tel: (612) 594-5933
                                                      Email: emdrake@bm.net


                                                      **pro hac vice* forthcoming*