## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MANNY CHONG,<br>THANE GALLO,<br><br>and ALL OTHERS SIMILARLY<br>SITUATED,<br><br>　　　　　　Plaintiff,<br>v.<br><br>NORTHEASTERN UNIVERSITY,<br><br>　　　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.   1:20-10844-RGS |
| GAURAV SATAM, individually and on<br>behalf of all others similarly<br>situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>NORTHEASTERN UNIVERSITY,<br><br>　　　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.   1:20-10915-RGS |
| MANISHA BAHRANI, individually and<br>on behalf of all others similarly<br>situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>NORTHEASTERN UNIVERSITY,<br><br>　　　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.   1:20-10946-RGS |

## <u>DEFENDANT'S MOTION TO DISMISS</u>

1

Pursuant to Fed. R. Civ. P. 12(b)(6), Local Rule 7.1(b) and this Court's order of June 29, 2020, and for the reasons more fully stated in the accompanying memorandum of law and Affidavit of Jim Lemmon, Jr., defendant Northeastern University hereby moves to dismiss all of the claims in the three captioned actions for failure to state a claim.  In summary, the plaintiffs fail plausibly to allege any contractual promise of continued in-person instruction and use of campus facilities during the coronavirus pandemic, but rather make a challenge to the quality of their educations that is not legally cognizable in contract or otherwise.  The plaintiffs' claim for unjust enrichment is further foreclosed by the parties' contractual relationship, including Northeastern's specific written reservation of the discretion to substitute alternatives to scheduled classes and academic activities and disclaimer of liability for events beyond the university's control.  The claims by plaintiffs Satam and Bahrani for conversion independently fail because, apart from the fact that they had no entitlement to the tuition refund that they now demand, any such intangible right is not susceptible of a claim for conversion under Massachusetts law.

Respectfully submitted,

Dated: August 24, 2020                    NORTHEASTERN UNIVERSITY

                                          By its attorneys,

                                          /s/ John A. Shope
                                          John A. Shope, BBO #562056
                                          Rachel C. Hutchinson, BBO#696739
                                          Foley Hoag LLP
                                          155 Seaport Blvd.
                                          Boston, MA 02210
                                          Tel: 617-832-1000
                                          jshope@foleyhoag.com
                                          rhutchinson@foleyhoag.com


                                          Victoria L. Steinberg, BBO #666482
                                          Daniel J. Cloherty, BBO #565772
                                          Rebecca M. O'Brien, BBO #693592
                                          Todd & Weld LLP
                                          One Federal Street, 27th Floor
                                          Boston, MA 02210
                                          (617)720-2626
                                          vsteinberg@toddweld.com
                                          dcloherty@toddweld.com
                                          robrien@toddweld.com


**CERTIFICATE OF CONFERENCE**

In accordance with Local Rule 7.1(a)(2), I certify that I conferred with counsel for Chong, Satam, and Bahrani prior to filing this motion and the parties were unable to reach agreement.

                                          /s/ John A. Shope
                                          John A. Shope

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 24th day of August, 2020, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such to all counsel of record via the CM/ECF system.

*/s/ Rachel C. Hutchinson*
Rachel C. Hutchinson